CALUMET & HECLA, INC., *v.* TOWNSHIP OF ALLOUEZ.

1. TAXATION—ASSESSMENT—CASH VALUE.
   Assessments of property for taxation purposes are required to be made at cash value as determined by the assessing officer, whether township supervisor, city assessor, or State geologist, a determination which is not final until subjected to the statutory process of county and State equalization (Const 1908, art 10, §§ 3, 8; CL 1948, § 211.1 *et seq.*, as amended).

2. SAME—ASSESSMENT OF MINERAL PROPERTIES—EQUALIZATION.
   Once the State geologist's valuation of mineral properties is made and that value is used by the township supervisor or city assessor as the assessed value, the assessment and taxation of such property is no different than the assessment and taxation of all other property in the State (Const 1908, art 10, §§ 3, 8; CLS 1956, § 211.24).

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur, Taxation § 696 *et seq.*
[2] 51 Am Jur, Taxation §§ 437–439, 691.
[3] 51 Am Jur, Taxation § 1167 *et seq.*

3. SAME—EQUALIZATION—COMPUTATION OF TAX.

 Local assessing officers who effected the same amount of taxes by applying a higher millage rate that was the same percentage rate higher as the State board of equalization raised the assessed valuation, instead of increasing the valuation for each parcel, did not entitle the plaintiff property owner to recover alleged overpayment, where the property involved was subject to the higher equalized valuation (Const 1908, art 10, §§ 3, 8; CLS 1956, § 211.24).

Appeal from Keweenaw; Brennan (Leo J.), J. Submitted April 5, 1961. (Docket No. 17, Calendar No. 48,560.) Decided September 21, 1961.

Assumpsit by Calumet & Hecla, Inc., a Michigan corporation, against the Township of Allouez to recover tax on mineral properties paid under protest. Judgment for plaintiff. Defendant appeals. The Attorney General intervenes on appeal. Reversed and remanded.

*McLean & Sablich (Norman McLean, of counsel),* for plaintiff.

*R. S. Koivunen,* for defendant.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, *T. Carl Holbrook* and *William D. Dexter,* Assistant Attorneys General, for intervenor.

SOURIS, J. Plaintiff sued in assumpsit[1] to recover a portion of its 1957 taxes paid under protest. The taxes were assessed upon plaintiff's mineral properties located in defendant township of Allouez, in Keweenaw county. Circuit Judge Leo J. Brennan entered a judgment in plaintiff's favor, after trial without a jury, for $9,510.53, the amount by which

---

[1] Pursuant to CL 1948, § 211.53 (Stat Ann 1960 Rev § 7.97).

he found plaintiff's taxes to exceed the maximum amount for which it could be assessed legally.

Plaintiff, to sustain its judgment, urges upon us a construction of section 24 of the general property tax law[2] (CLS 1956, § 211.24 [Stat Ann 1960 Rev § 7.24]), particularly the third proviso clause, added by PA 1947, No 93, which would except from the process of equalization by the State equalization board all mineral properties required by that section to be valued for tax assessment purposes by the State geologist. Section 24 provides that the State geologist or his deputy shall determine the true cash value of such mineral properties and certify the result to the supervisor of the township who shall then assess such value to the owner. The proviso clause involved in this appeal reads:

"Provided further, however, That it is the intent of this act that mineral properties shall be valued and assessed in the future for ad valorem taxes in accordance with the formula used in the valuation of mineral properties prior to the effective date of this act."

The effect of this language, plaintiff contends, is to make the geologist's determination of true cash value final and binding upon the governmental units of the State so long as it is made in accordance with the formula to which reference is made and in the absence of fraud or mistake. To permit the geologist's valuation to be modified by the State equalization board would result, plaintiff argues, in a valuation and assessment of such properties other than "in accordance with the formula." Furthermore, plaintiff says, by providing that mineral properties throughout the State be valued and assessed by a single State official in accordance with a single speci-

---

[2] CL 1948, § 211.1 *et seq.*, as amended (Stat Ann 1960 Rev § 7.1 *et seq.*).

fied formula assures "a uniform rule of taxation" as required by article 10, § 3, of the Constitution (1908) without resort to equalization of assessments by a State board. Finally, plaintiff says that the requirement of article 10, § 7, of the Constitution (1908) that all property shall be assessed "at its cash value" bars modification by equalization of the value of mineral properties determined by the State's geologist because, by legislative definition, the value the geologist determines is true cash value.

The difficulty with plaintiff's theory is that it proves too much. If the geologist's determination of value of mineral properties cannot be modified by equalization processes because it is true cash value, why cannot it be said that the township supervisors' and the city assessors' determinations of value of other properties cannot be modified by equalization, either, because they are required by law to assess at true cash values, too? The fact is that assessments of property are required to be made at cash value as determined by the assessing officer, whether township supervisor, city assessor, or State geologist. Their determinations of cash value are by no means final until subjected to the statutory process of county and State equalization. See *Huron-Clinton Metropolitan Authority* v. *Boards of Supervisors of Five Counties*, 304 Mich 328, and *School District No. 9, Pittsfield Township* v. *Washtenaw County Board of Supervisors*, 341 Mich 388, 400–407. By specifying the formula by which the value of mineral properties are to be determined initially by the geologist, the legislature cannot override the constitutional mandate found in article 10, § 8 that—

"The legislature shall provide by law for an equalization of assessments by a State board, on all taxable property, except that taxed under laws passed pursuant to sections 4 and 5 of this article."

Mineral properties are not among those excepted
from section 8, nor does section 8 except from its
provisions properties assessed throughout the State
by the State's geologist or any other single authority.
Once the geologist's valuation of mineral properties
is made and that value is used by the township super-
visor or city assessor as the assessed value, the
assessment and taxation of such property is no
different than the assessment and taxation of all
other property in the State.

Only one other issue involved in this appeal need
be considered.   After the State equalization board
had met in 1957 and increased Keweenaw county's
total assessed valuation, the increase was spread
among the county's 5 townships.   Normally, the in-
crease allocated to Allouez township would have been
spread equally among its property owners by uni-
formly increasing the assessed values determined by
the local assessors, boards of review, and the State
tax commission.   In 1957 the township's local as-
sessed value was $2,258,400 and the State equalized
value was $3,004,094, an increase of 33%.   Thus,
normally, plaintiff's properties assessed by the geolo-
gist at $1,358,000 would have been increased 33%
to $1,806,398.67, thereby arriving at its State equal-
ized value.   Instead of increasing the local assess-
ments on each of the properties in the township by
33% and then applying the township's millage of 21
mills, the constitutional maximum, the local officials
saved themselves 1 step in the task of computing the
tax upon each of the properties by increasing the
millage rate by 33% from 21 mills to 27.934 mills and
applying the increased millage to the original as-
sessment.   The net dollar result, of course, was ex-
actly the same as it would have been had the original
assessments been increased in accordance with the
State equalization adjustment and the legal maxi-

mum of 21 mills applied to the State equalized assessment.

Had we determined that the geologist's valuation of plaintiff's mineral properties could not be affected by the actions of the State equalization board, we would agree with the circuit judge's conclusion that computation of plaintiff's tax at the rate of 27.934 mills was illegal. However, having concluded that plaintiff's mineral properties were subject to State equalization adjustments, it is our judgment that plaintiff was required to pay no more in taxes than it would have been had they been computed properly.

Reversed and remanded for entry of judgment in conformance with this opinion. Defendant may tax its costs.

. DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK,. EDWARDS and KAVANAGH, JJ., concurred.