ANN ARBOR TOWNSHIP v STATE TAX COMMISSION

Docket No. 55744. Argued March 6, 1975 (Calendar No. 16).—Decided April 7, 1975.

The Washtenaw County Board of Commissioners equalized the value of real property in the county. The Supervisor of Ypsilanti Township petitioned the State Tax Commission for a review of this action. The commission surveyed property in Washtenaw County and made preliminary findings increasing the equalized value of every county unit except Ypsilanti Township. After a hearing, the commission entered a final order reciting the proceedings in the case, and stating that "after reviewing the whole file and the voluminous material" the commission "adopted a resolution determining the equalized valuation of the several townships and cities of Washtenaw County" as contained in an annexed schedule. The Court of Appeals, Bronson, P. J., and Danhof and Carland, JJ., denied the application for leave to appeal of plaintiffs Ann Arbor Township and 16 other townships, the cities of Ann Arbor, Saline, and Ypsilanti, and Washtenaw County. The state-equalized valuation of Washtenaw County was increased as a result (Docket No. 18726). Plaintiffs appeal. *Held:*

1. The final order entered by the commission in this case did not meet the requirements of the Administrative Procedures Act, MCL 24.285: MSA 3.560(185), and the additional requirements of the statute governing orders of the State Tax Commission, MCL 209.102; MSA 7.632.

2. In attempting to achieve uniformity of taxation within a county, it must be remembered that uniformity should also be maintained between counties.

3. Remanded to Tax Tribunal for further proceedings consistent with this opinion.

1. TAXATION—EQUALIZATION—STATE TAX COMMISSION—FINAL ORDER —FORM—ADMINISTRATIVE LAW.

A property tax assessment equalization case is remanded to the

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4, 5] 71 Am Jur 2d, State and Local Taxation §§ 153, 154, 162.
72 Am Jur 2d, State and Local Taxation §§ 832, 833.
[3] 72 Am Jur 2d, State and Local Taxation §§ 721, 722.

Tax Tribunal for further proceedings where the State Tax Commission did not conduct the equalization hearing under the relevant provisions of the Administrative Procedures Act, and where the final order of the commission did not comply with the requirement of the Administrative Procedures Act for form and substance that the final decision include findings of fact and conclusions of law or the additional specific requirements of the statute establishing the commission (MCLA 24.285, 209.102).

2. TAXATION—EQUALIZATION—ADMINISTRATIVE LAW—FINAL ORDER—FORM.

The final order in a property tax assessment equalization case must follow the basic form for an order set by the Administrative Procedures Act and cover the specific items additionally required by the statute establishing the State Tax Commission (MCLA 24.285, 209.102).

3. TAXATION—TAX TRIBUNAL—ADMINISTRATIVE LAW—QUASI-JUDICIAL AGENCY.

The Tax Tribunal is a quasi-judicial agency and, as such, it is expected to conform to procedures applicable to other such agencies.

4. TAXATION—CONSTITUTIONAL LAW—UNIFORMITY—EQUALIZATION.

The constitutional goal of uniformity in taxation is achieved by both intra- and inter-county equalization, by uniformity within and between the counties (Const 1963, art 9, § 3).

5. TAXATION—EQUALIZATION—UNIFORMITY.

In attempting to achieve uniformity of tax assessments within a county, it must be remembered that uniformity should also be maintained between counties.

*Reading & Etter* (by *John L. Etter),* for plaintiff Townships and City of Ypsilanti.

*Allan W. Grossman,* for plaintiff City of Saline.

*Robert E. Guenzel,* Corporation Counsel, for plaintiff Washtenaw County.

*R. Bruce Laidlaw,* Chief Assistant City Attorney, for plaintiff City of Ann Arbor.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard R. Roesch* and *Lawrence W. Morgan,* Assistants Attorney General, for defendant State Tax Commission.

M. S. COLEMAN, J. Plaintiffs appeal an order of the State Tax Commission (STC) regarding its equalization of property tax assessments in Washtenaw County. Adhering to the decision in *Cooper Twp v State Tax Commission,* 393 Mich 58; 222 NW2d 900 (1974), we vacate the STC order and remand to the Tax Tribunal for further proceedings.

FACTS

On April 24, 1972, the Washtenaw County Board of Commissioners equalized the value of real property in the county.[1] The Supervisor of Ypsilanti Township petitioned the STC for a review of this action[2] saying in part that it created "non-uniformity of the tax burden between classes of property and communities within the county". The STC accepted the "appeal from the 1972 equalization of Washtenaw County" on May 8, 1972.

The STC surveyed property in Washtenaw County. This study resulted in preliminary findings increasing the equalized value of every county unit except Ypsilanti Township. A hearing was set for August 7, 1973. Representatives of the newly aggrieved cities and townships had an opportunity to present evidence regarding the equalization of Washtenaw County by the STC. The hearing was continued to September 17.

---

[1] *See* MCLA 211.34(1); MSA 7.52(1) and MCLA 209.5; MSA 7.605.

[2] *See* MCLA 211.34(2); MSA 7.52(2).

The Commission's final order was signed October 10, 1973. It briefly recited the chronology. It said the STC staff "reviewed the statements made by the supervisors at the hearings". There was a "field check" made of some units "after which the report was prepared showing some revision of valuation in some of the units from the preliminary findings". "After reviewing the whole file and the voluminous material" in its possession, the STC "adopted a resolution determining the equalized valuation of the several townships and cities of Washtenaw County".

The Court of Appeals denied plaintiffs' application for leave to appeal and their application for rehearing.

## DISCUSSION

### I.

*Cooper Twp* concerned, as does the instant case, an appeal of equalization action taken by the county board of commissioners. The STC's final order in *Cooper Twp* failed to meet the requirements of MCLA 209.102; MSA 7.632[3] and on remand we directed the STC to comply with this

---

[3] This section requires in part:

"In appeals to the state tax commission, the decisions of the commission shall be upon a form prescribed by the commission which shall state the facts constituting the commission's finding of true cash value, the proportion thereof at which assessments in the local assessing district are made, and which of the 3 commonly accepted valuation approaches were used in the determination of true cash value. The order shall be signed by the commissioners concurring therein. A commissioner may, in writing, dissent from any order so entered. If a party desires a stenographic record of an appeal hearing, said party must bear the expense of the stenographer and the transcript of the record. All decisions shall be filed in the office of the state tax commission and shall be mailed or delivered to a party or his legal representative."

provision. The order in this case is likewise flawed and requires a remedial remand.

The STC was also required by *Cooper Twp* to "conduct the equalization hearing under the relevant provisions of the Administrative Procedures Act, MCLA 24.271–24.287; MSA 3.560(171)–3.560(187)". The form and substance of a "final decision or order of an agency in a contested case" are detailed by MCLA 24.285; MSA 3.560(185).[4] These requirements were not met in this case.[5]

In *Cooper Twp* we remanded the matter to the newly created Tax Tribunal. MCLA 205.701–205.779; MSA 7.650(1)–7.650(79). Although we expressly gave "no consideration * * * to the practices and procedures of the Tax Tribunal" we did remand to that body "for further proceedings in conformity with this opinion".

We cannot pass judgment on how the Tax Tribunal conducts its proceedings until we have such proceedings before us. However, MCLA 205.721; MSA 7.650(21) states that the Tribunal "is a quasi-judicial agency". As such, we would expect it to

---

[4] "A final decision or order of an agency in a contested case shall be made, within a reasonable period, in writing or stated in the record and shall include findings of fact and conclusions of law. Findings of fact shall be based exclusively on the evidence and on matters officially noticed. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting them. If a party submits proposed findings of fact which would control the decision or order, the decision or order shall include a ruling upon each proposed finding. Each conclusion of law shall be supported by authority or reasoned opinion. A decision or order shall not be made except upon consideration of the record as a whole or such portion thereof as may be cited by any party to the proceeding and as supported by and in accordance with the competent, material and substantial evidence. A copy of the decision or order shall be delivered or mailed forthwith to each party and to his attorney of record."

[5] MCLA 24.211; MSA 3.560(111) says the APA "shall not be construed to repeal additional requirements imposed by law". The basic form for an order is set by MCLA 24.285. MCLA 209.102 additionally requires that certain specific items be covered. The two provisions go together.

conform to procedures applicable to other such agencies.

## II.

Plaintiffs have raised another question concerning equalization. Noting that the constitutional goal in taxation is uniformity,[6] plaintiffs argue that the STC subordinated that principle by denying the relevancy of evidence concerning the equalization results and practices in other counties.

In *Allied Supermarkets, Inc v Detroit,* 391 Mich 460; 216 NW2d 755 (1974), we said that the "process of equalization is designed to enhance the goal of uniformity". That goal is achieved by both intra-[7] and inter-[8]county equalization, by uniformity within and between the counties.[9]

---

[6] Const 1963, art 9, § 3 reads:
"The legislature shall provide for the uniform general ad valorem taxation of real and tangible personal property not exempt by law. The legislature shall provide for the determination of true cash value of such property; the proportion of true cash value at which such property shall be uniformly assessed, which shall not, after January 1, 1966, exceed 50 percent; and for a system of equalization of assessments. The legislature may provide for alternative means of taxation of designated real and tangible personal property in lieu of general ad valorem taxation. Every tax other than the general ad valorem property tax shall be uniform upon the class or classes on which it operates."

[7] *See* MCLA 211.34; MSA 7.52.

[8] *See* MCLA 209.1–209.8; MSA 7.601–7.608. The state board of equalization was abolished and its authority, powers, duties and functions transferred to the STC. *See* MCLA 16.186; MSA 3.29(86) and MCLA 16.103(c); MSA 3.29(3)(c).

[9] Our decision of *In re Appeal of General Motors Corp,* 376 Mich 373; 137 NW2d 161 (1965) said it is
"the purpose of these procedures to adjust or correct all of the different modes of assessment to achieve uniformity among governmental units within a county and uniformity among all of the counties of the State. *School District No. 9, Pittsfield Township, Washtenaw County, v. Washtenaw County Board of Supervisors,* 341 Mich 388, 405 [67 NW2d 165 (1954)], and *Calumet & Hecla, Inc., v. Township of Allouez,* 363 Mich 671 [110 NW2d 585 (1961)]."

The STC's final order in this case intended to achieve uniformity within Washtenaw County. However, its final order resulted in an increase in the state equalized valuation of Washtenaw County.[10] In attempting to achieve uniformity within counties, it must be remembered that uniformity should also be maintained between counties. In balancing the one scale the other should not be unbalanced.

Remand to the Tax Tribunal for further proceedings consistent with this opinion.

T. G. KAVANAGH, C. J., and T. M. KAVANAGH, SWAINSON, WILLIAMS, LEVIN, and J. W. FITZGERALD, JJ., concurred with M. S. COLEMAN, J.

---

[10] MCLA 211.34; MSA 7.52 permits the STC to equalize county valuation. If the Commission

"decides that the valuations of the county have been improperly equalized, it shall proceed to make deductions from, or additions to, the valuations of the respective townships, cities or school districts as may be deemed proper, and in so doing the commission shall have the same powers as the board of commissioners had in the first instance. Any such deductions or additions shall decrease or increase the state equalized valuation of the local unit affected thereby and the total state equalized valuation of the county."