EDROS CORPORATION v CITY OF PORT HURON

1. Taxation—Tax Tribunal Act—Agency—City Council—Words
   and Phrases—Statutes.

   A city council is an "agency" as that term is defined by the Tax
   Tribunal Act because a city is authorized to provide in its
   charter for the assessment of a special district for all or any of
   the cost of a public improvement (MCLA 117.4d, 205.703,
   205.707; MSA 5.2077, 7.650[3], 7.650[7]).

2. Taxation—Tax Tribunal—Powers of Tribunal—Jurisdiction—
   Special Assessments—Statutes.

   The tax tribunal is a quasi-judicial agency and as such it lacks
   judicial powers and does not ordinarily adjudicate constitu-
   tional claims; however, the tribunal does have exclusive juris-
   diction to review directly final decisions regarding special as-
   sessments (MCLA 205.731; MSA 7.650[31]).

3. Taxation—Tax Tribunal—Authority of Tribunal—Tax Assess-
   ment—Contempt Powers.

   The tax tribunal, upon a proper showing, does have the authority
   to order or direct a taxing agency to take no further action
   related to a disputed tax assessment until the merits of a
   controversy have been determined; the tribunal as a quasi-
   judicial agency has no contempt powers, but enforcement of its
   writs, orders and directives is obtainable by application to the
   circuit court.

4. Taxation—Special Assessment—Tax Tribunal—Confiscatory
   Assessment.

   A claim that a special assessment is confiscatory is within the
   jurisdiction of the tax tribunal; to contend that the special

References for Points in Headnotes
[1] 70 Am Jur 2d, Special or Local Assessments § 123.
[2–5] 1 Am Jur 2d, Administrative Law §§ 51–54.
  72 Am Jur 2d, State and Local Taxation § 787.
[3] 72 Am Jur 2d, State and Local Taxation §§ 1115–1119.
[4] 70 Am Jur 2d, Special or Local Assessments § 10.
[5] 70 Am Jur 2d, Special or Local Assessments § 23.

assessment is confiscatory is merely to assert in constitutional terms the argument that the assessment is without foundation.

5. TAXATION—SPECIAL ASSESSMENT—SPECIAL BENEFIT—TAX TRIBUNAL —QUESTION OF FACT.

Whether or not a special benefit has been conferred upon property declared to be a special assessment district is a question of fact; if a plaintiff's property is specifically benefited and the benefit conferred corresponds to the assessment levied, the actions of the taxing body are valid and the assessment is nonconfiscatory; the issue is one properly decided by the tax tribunal.

Appeal from St. Clair, Halford I. Streeter, J. Submitted June 24, 1977, at Lansing. (Docket No. 29920.) Decided September 8, 1977.

Complaint by Edros Corporation against the City of Port Huron seeking a restraining order preventing any further action regarding a special assessment district, an order requiring the city to employ alternative methods of supplying sewer and water services, and a declaration that the city council's actions in the creation of a special assessment district to finance the installation of certain water and sewer lines were void *ab initio*. Accelerated judgment for defendant. Plaintiff appeals. Affirmed.

*Fitzgerald, Young, Peters, Bruno & Bunn,* for plaintiff.

*Bush, Luce, Henderson, Black and Bankson,* for defendant.

Before: D. F. WALSH, P. J., and QUINN and H. D. STAIR,* JJ.

PER CURIAM. Plaintiff appeals from an order of

* Circuit judge, sitting on the Court of Appeals by assignment.

the St. Clair County Circuit Court granting defendant's motion for accelerated judgment.

On April 14, 1976, the Port Huron City Council approved the creation of a special assessment district to finance the installation of water and sewer lines in the area. The district consisted primarily of plaintiff's property.

Plaintiff commenced suit on June 8, 1976, charging that the city acted in contravention of its own ordinances by creating the district pursuant to a petition filed by plaintiff's lessee. Plaintiff also charged that it failed to receive proper notice of the proposal and alleged that the assessment was confiscatory.

Plaintiff sought: (1) a temporary and permanent restraining order preventing any further action regarding the district, (2) an order requiring the city to employ an alternative method of supplying sewer and water services, and (3) a declaration that the council's actions were void *ab initio.*

On August 18, 1976, defendant moved for accelerated judgment on the basis that the tax tribunal had exclusive jurisdiction to review the special assessment levied by the city council. By an order dated August 23, 1976, the lower court granted defendant's motion.[1]

The jurisdiction of the tax tribunal is set forth in §§ 31 and 41 of the Tax Tribunal Act, 1973 PA

[1] Prior to defendant's motion for accelerated judgment, plaintiff sought a temporary restraining order enjoining the city from taking further action to install the water and sewer lines. The motion was denied. Plaintiff subsequently sought leave to appeal to this Court and moved for a stay of proceedings. Defendant, in turn, moved to strike plaintiff's application on the basis of the tax tribunal's exclusive jurisdiction of the present controversy.

In an order dated August 11, 1976, this Court stayed further proceedings to enforce the special assessment district until a trial on the merits could be held and judgment entered. Defendant's motion was denied without prejudice to the city's right to move for an accelerated judgment in the lower court.

186; MCLA 205.701 *et seq.;* MSA 7.650(1) *et seq.,* which provide:

"The tribunal's exclusive and original jurisdiction shall be:

"(a) A proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under property tax laws.

"(b) A proceeding for refund or redetermination of a tax under the property tax laws." MCLA 205.731; MSA 7.650(31).

"A person or legal entity which, immediately before the effective date of this act, was entitled to proceed before the state tax commission or circuit court of this state for determination of a matter subject to the tribunal's jurisdiction, as provided in section 31, shall proceed only before the tribunal." MCLA 205.741; MSA 7.650(41).

On appeal, plaintiff argues that the Port Huron City Council is not an "agency" within the terms of the act and contends that the tribunal lacks jurisdiction over the instant controversy since plaintiff seeks injunctive and declaratory relief and challenges the constitutionality of the assessment.

We find plaintiff's argument that a city council is not an "agency" within the terms of the act without merit. The act defines an "agency" to include:

"[A] board, official, or administrative agency who is empowered to make a decision, finding, ruling, assessment, determination, or order which is subject to review under the jurisdiction of the tribunal or who has collected a tax for which refund is claimed." MCLA 205.703; MSA 7.650(3).

A city is authorized to provide in its charter for the assessment of a special district for all or any portion of the cost of a public improvement. MCLA 117.4d; MSA 5.2077. A city council acting pursuant to such a charter provision, therefore, is a "board, official or administrative agency" empowered to make a decision subject to review by the tribunal. In addition, the Legislature, by expressly providing that the terms of the act are effective "notwithstanding the provisions of any * * * charter * * * to the contrary", MCLA 205.707; MSA 7.650(7), indicated an intent to bring municipal action within the coverage of the act.[2]

This court similarly rejects plaintiff's argument that the tribunal is without jurisdiction of the present case because of the relief sought and the constitutional claim raised.

The tax tribunal is a quasi-judicial agency. MCLA 205.721; MSA 7.650(21), *Ann Arbor Twp v State Tax Commission,* 393 Mich 682; 227 NW2d 784 (1975). Such administrative bodies lack judicial powers, *Michigan Mutual Liability Co v Baker,* 295 Mich 237; 294 NW 168 (1940), *Stuart v Spencer Coal Co,* 307 Mich 685; 12 NW2d 443 (1943), and do not ordinarily adjudicate constitutional claims, *Dation v Ford Motor Co,* 314 Mich 152; 22 NW2d 252 (1946). We, nevertheless, find that the instant controversy falls squarely within the jurisdiction of the tax tribunal.

MCLA 205.731; MSA 7.650(31) grants the tribu-

---

[2] Plaintiff also asserts that the act violates the title-object clause of the Michigan Constitution, Const 1963, art 4, § 24, because it fails to expressly mention municipalities.

The title of the Tax Tribunal Act declares that one of the purposes of the act is "to provide for appeals". To include special assessments levied by municipalities among the decisions reviewable by the tax tribunal does not extend the body of the act beyond its declared purpose. Generally, *People v Recorder's Court Judge #2,* 73 Mich · App 156; 250 NW2d 812 (1977).

nal exclusive jurisdiction to review directly final decisions regarding special assessments. Additionally, the powers of the tribunal are extensive and include the authority to issue the relief requested by plaintiff.

"The tribunal's powers include, but are not limited to:

"(a) Affirming, reversing, modifying, or remanding a final decision, finding, ruling, determination, or order of an agency.

"(b) Ordering the payment or refund of taxes in a matter of which it may acquire jurisdiction.

"(c) Granting other relief or issuing writs, orders, or *directives* which it deems necessary or appropriate in the process of disposition of a matter of which it may acquire jurisdiction." MCLA 205.732; MSA 7.650(32). (Emphasis supplied.)

Thus, upon a proper showing the tribunal has the authority to order or direct the taxing agency to take no further action relating to a disputed tax assessment until the merits of the controversy have been determined. The fact that the tribunal, as a quasi-judicial agency, has no contempt powers[3] does not diminish the validity and binding force of its writs, orders or directives. Enforcement is obtainable by application to the circuit court.[4]

Plaintiff's claim that the special assessment is confiscatory is similarly within the jurisdiction of

---

[3] Contempt powers are "judicial" powers. *People v Matish,* 384 Mich 568; 184 NW2d 915 (1971), *In re Colacasides,* 6 Mich App 298; 148 NW2d 898 (1967).

[4] *See,* MCLA 205.736; MSA 7.650(36). *Cf.,* MCLA 37.2606; MSA 3.548(606). Generally, 1 Am Jur 2d, Administrative Law, § 173, p 977.

Requiring the tribunal to decide the merits of a request for a preliminary writ, order or directive further advances the legislative intent of having tax matters resolved by a board possessing special knowledge and skill in the area. Stanley, Tunstall and Opper, *State and Local Taxation,* 1974 Annual Survey of Michigan Law, 21 Wayne LR 619, 657 (1975).

the tribunal. To contend that the special assessment is confiscatory is merely to assert in constitutional terms the argument that the assessment is without foundation. In *Blades v Genesee County Drain District No 2,* 375 Mich 683, 695–696; 135 NW2d 420, 426 (1965), the Court discussed a claim that the levy of a special assessment was confiscatory.

" 'Whether the exaction is in the form of a special assessment for a special improvement, or a general tax for the general welfare, the constitutional test is always whether anything is given or offered for that which is taken. Indeed, the underlying purpose for the creation of special taxing districts is to attain a constitutional balance in relationship to benefits conferred for burdens imposed. 1 Cooley, Taxation (4th ed), § 320.' " Quoting from *Morton Salt Co v South Hutchinson,* 159 F2d 897, 902 (CA 10, 1947).

. Whether a special benefit has been conferred upon the property assessed is a question of fact. *Blades v Genesee County Drain District No 2, supra, Soncoff v Inkster,* 22 Mich App 358; 177 NW2d 243 (1970). If plaintiff's property is specially benefited, and the benefit conferred corresponds to the assessment levied, the city council's actions are valid and the assessment, in turn, is nonconfiscatory.[5] The issue is one properly decided by the tax tribunal. We refuse to hold that the body charged with reviewing special assessments cannot

[5] " ' "The justice of demanding the special contribution is supposed to be evident in the fact that the persons who are to make it, while they are made to bear the cost of a public work, are at the same time to suffer no pecuniary loss thereby; their property being increased in value by the expenditure to an amount at least equal to the sum they are required to pay." ' " *Fluckey v Plymouth,* 358 Mich 447, 454; 100 NW2d 486 (1960), as quoted in *Johnson v Inkster,* 56 Mich App 581, 586; 244 NW2d 664, 667 (1974), lv granted, 394 Mich 809 (1975). *See also, Stybel Plumbing, Inc v Oak Park,* 40 Mich App 108; 198 NW2d 782 (1972).

undertake to examine the very foundation upon which such assessments are made. To do so would be to preclude the full utilization of the tribunal's expertise in the area. MCLA 205.722; MSA 7.650(22), *Judges of the 74th Judicial District v Bay County,* 385 Mich 710; 190 NW2d 219 (1971).

Affirmed. No costs, a public question.