HENSHAW v STATE TAX COMMISSION

Docket No. 78-4180. Submitted June 11, 1979, at Detroit.—Decided
September 20, 1979. Leave to appeal applied for.

Robert E. Henshaw, Sheleen Henshaw and other property owners
in Shelby Township or the City of Sterling Heights in Macomb
County brought an action against the State Tax Commission,
Macomb County, Shelby Township and the City of Sterling
Heights. The State Tax Commission had determined that the
property in Macomb County was underassessed by 14.6 percent
based upon assessments by local units of government, intra-
county equalization by the County Board of Commissioners and
intercounty or state equalization. The local taxing districts
issued final tax bills on the basis of the Tax Commission's
equalized value finding and increased property tax liability
between December of 1977, and July of 1978, for collection of
taxes for the 1975 tax year. Plaintiffs' complaint challenged the
validity of the tax, sought to enjoin its collection and requested
a refund of all taxes paid pursuant to the levy. Defendants
moved for accelerated and summary judgment. Macomb Circuit
Court, Arthur E. Moore, J., ruled that the circuit court did not
have jurisdiction over the matter and granted defendants'
motions. Plaintiffs appeal. The sole issue presented is whether
the circuit court has jurisdiction where an individual property
owner seeks to challenge a portion of his tax bill resulting from
the intercounty equalization process. *Held:*

The State Tax Tribunal has exclusive and original jurisdic-
tion over a proceeding for refund or redetermination of a tax
under the property tax laws. The tribunal, not the circuit court,
is the proper forum to contest the validity of tax bills based on
property value assessments.

Affirmed.

1. TAXATION — TAX TRIBUNAL — JURISDICTION — STATUTES.
The State Tax Tribunal has exclusive and original jurisdiction
over: (1) a proceeding for direct review of a final decision,

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 72 Am Jur 2d, State and Local Taxation § 787.
[2] 72 Am Jur 2d, State and Local Taxation § 810.

finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under property laws, and (2) a proceeding for refund or redetermination of a tax under the property tax laws (MCL 205.731; MSA 7.650[31]).

2. TAXATION — STATE TAX COMMISSION — INTERCOUNTY EQUALIZA-
   TION — REVIEW — COURTS.

   A county which believes itself aggrieved by the determination of the State Tax Commission concerning intercounty equalization may seek judicial review in case of fraud or error of law.

3. TAXATION — TAX TRIBUNALS — JURISDICTION — PROPERTY VALUES
   — TAX ASSESSMENTS.

   The State Tax Tribunal has original and exclusive jurisdiction over actions by individual property owners seeking to contest the validity of tax bills based on property value assessments by local units of government, the County Board of Commissioners and the State Tax Commission.

*Cox & Hooth,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General and *Richard A. Roesch,* Assistant Attorney General, for the State Tax Commission.

Before: J. H. GILLIS, P.J., and BEASLEY and R. M. RANSOM,* JJ.

PER CURIAM. Plaintiffs each own property in either Shelby Township or the City of Sterling Heights in Macomb County. Following assessment by the local units of government and intracounty (county) equalization by the County Board of Commissioners, the State Tax Commission, as part of the intercounty (state) equalization process, determined that the property in Macomb County was underassessed by 14.6 percent. The county at-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tempted to appeal the decision of the State Tax Commission but was denied leave by both this Court and the Michigan Supreme Court. During the pendency of its applications for leave to appeal, the county directed the local units of government to issue their 1975 tax bills as a tentative levy based upon the county equalized value.

When the county and local governmental units declined to collect the increased tax liability, the Chippewa Valley school district commenced a suit to force the county to levy 1975 taxes on the basis of the state equalized value. This suit was successful and as a result final 1975 tax bills were sent to property owners between December, 1977, and July, 1978.

Plaintiffs in the instant suit, some of whom did not own property in Macomb County in 1975, filed suit in Macomb County Circuit Court seeking a refund of these taxes. Defendants brought motions for accelerated and summary judgment. The trial court ruled that it did not have jurisdiction over the matter and granted defendants' motions. Plaintiffs now appeal as of right.

While the parties have raised a number of collateral issues, the sole issue which this Court must determine is whether the circuit court has jurisdiction where an individual property owner seeks to challenge a portion of his tax bill resulting from the intercounty equalization process. We affirm the trial court's determination that it does not.

Plaintiffs' initial pleading is entitled "Complaint for Refund of Property Taxes", and the relief requested is essentially a "refund of all property taxes paid as a result of the complained of acts".

The jurisdiction of the State Tax Tribunal is provided by § 31 of the Tax Tribunal Act, which provides:

"The tribunal's exclusive and original jurisdiction shall be:

"(a) A proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under property tax laws.

"(b) A proceeding for refund or redetermination of a tax under the property tax laws." MCL 205.731; MSA 7.650(31).

Thus, subsection (b) of § 31 vests exclusive jurisdiction of the instant controversy in the Tax Tribunal.

Plaintiffs contend that because the matter involves state equalization the Supreme Court's decision in *Emmet County v State Tax Commission,* 397 Mich 550; 244 NW2d 909 (1976), precludes resort to the tribunal as a forum. However, that case involved a county as a plaintiff seeking appellate review of State Tax Commission action in intercounty equalization. The Court held that where a county believes itself aggrieved by the determination of the State Tax Commission concerning intercounty equalization, the county may not seek administrative review in the Tax Tribunal but can seek judicial review, asserting fraud or error of law. 397 Mich at 556.

The instant case does not involve a county as plaintiff but rather individual property owners seeking to contest the legality of the tax bills they received. The Legislature intended such matters to be heard in the Tax Tribunal. While plaintiffs have raised certain constitutional issues in their complaint, such issues may nevertheless be raised before the tribunal with appeal by right to this Court. *Xerox Corp v Kalamazoo,* 76 Mich App 150;

255 NW2d 797 (1977), MCL 205.753; MSA 7.650(53).

We specifically limit our decision to the issue of subject-matter jurisdiction and do not address the issues raised by defendants on appeal or the merits of plaintiffs' allegations.

Affirmed. No costs, a public question being involved.