MICHIGAN CONSOLIDATED GAS COMPANY v CHINA
TOWNSHIP

Docket No. 54775. Submitted December 10, 1981, at Lansing.—Decided March 18, 1982.

Plaintiff, Michigan Consolidated Gas Company, is the owner of an underground natural gas storage facility in China Township, St. Clair County. On June 11, 1980, defendants St. Clair County and China Township filed a petition with the Michigan Tax Tribunal seeking a declaratory judgment that plaintiff's interests in the underground formations could be separately assessed from the interests of the surface owners. In their petition, defendants also asked whether the "income approach" was the proper method of valuation. On June 25, 1980, defendants St. Clair County and China Township filed a second petition with the tribunal seeking to have plaintiff's interests in the storage field assessed as omitted property for the years 1979 and 1980. Plaintiff brought suit in the St. Clair Circuit Court against the county, the township and the tribunal. Plaintiff sought a declaration that the tribunal was without jurisdiction to grant a request for a declaratory judgment or to hear an omitted property appeal, a declaratory judgment that the filing of the omitted property petition was not duly authorized by the township board and was therefore void, declaratory relief concerning the merits of its assessment dispute with the township and county on both statutory and constitutional grounds, a declaration that the jurisdictional provisions of the Tax Tribunal Act were unconstitutional, and an injunction to restrain further proceedings before the tribunal and to restrain the township from assessing taxes against the property that is the subject of the dispute. The trial court, Michael G. Harrison, J., granted defendants' motion for accelerated judgment, holding that the Tax Tribunal had exclusive jurisdiction to consider plaintiff's claims. Plaintiff appealed. *Held:*

The Tax Tribunal has exclusive original jurisdiction to tax

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 72 Am Jur 2d, State and Local Taxation § 787.
[3] 22 Am Jur 2d, Declaratory Judgments § 37 *et seq.*

assessment disputes. None of plaintiff's allegations or prayers for relief serve to invoke any jurisdiction of the circuit court.

Affirmed.

1. TAXATION — TAX TRIBUNAL — JURISDICTION.

The Tax Tribunal has jurisdiction to hear and determine constitutional claims relating to property taxes.

2. TAXATION — JURISDICTION — EQUITY.

A prayer for equitable relief does not invoke the jurisdiction of the circuit court in a taxation assessment dispute; in such matters, the Tax Tribunal has exclusive original jurisdiction.

3. TAXATION — JURISDICTION — DECLARATORY JUDGMENTS.

Circuit courts do not have jurisdiction to grant declaratory judgments in tax assessment disputes.

*Mika, Meyers, Beckett & Jones* (by *John C. Jones* and *John M. DeVries),* for plaintiff.

*Robert H. Cleland,* Corporation Counsel (by *Terrence P. Houlahan),* for defendants.

Before: MacKenzie, P.J., and M. F. Cavanagh and D. F. Walsh, JJ.

Per Curiam. Plaintiff appeals by right from the grant of defendant's motion for accelerated judgment which determined that the Michigan Tax Tribunal had exclusive jurisdiction to hear plaintiff's complaint.

Plaintiff is the owner of an underground natural gas storage facility in China Township, St. Clair County. Plaintiff's interests in the underground formations in which gas is stored have never been assessed separately from the interests of the surface owners of the property. On June 11, 1980, defendants St. Clair County and China Township filed a petition with the Michigan Tax Tribunal seeking a declaratory judgment that plaintiff's interests in the underground formations could be separately assessed from the interests of the sur-

face owners. In their petition, defendants also asked whether the "income approach" was the proper method of valuation. On June 25, 1980, defendants St. Clair County and China Township filed a second petition with the tribunal seeking to have plaintiff's interests in the storage field assessed as omitted property for the years 1979 and 1980.

On August 11, 1980, plaintiff brought suit in the circuit court against the county, the township and the tribunal. Plaintiff sought a declaration that the tribunal was without jurisdiction to grant a request for a declaratory judgment or to hear an omitted property appeal. Plaintiff also sought a declaratory judgment that the filing of the omitted property petition was not duly authorized by the township board and was therefore void. Plaintiff sought declaratory relief concerning the merits of its assessment dispute with the township and county on both statutory and constitutional grounds. Plaintiff also sought a declaration that the jurisdictional provisions of the Tax Tribunal Act were unconstitutional. Finally, plaintiff sought to restrain further proceedings before the tribunal and to restrain the township from assessing taxes against the property that is the subject of the dispute.

The trial judge granted defendants' motion for accelerated judgment, holding that the tribunal had exclusive jurisdiction to consider plaintiff's claims. We affirm.

The circuit court's jurisdiction over property tax disputes was withdrawn by § 41 of the Tax Tribunal Act. MCL 205.741; MSA 7.650(41). Matters which are subject to the tribunal's jurisdiction are described in MCL 205.731; MSA 7.650(31), which states:

"The tribunal's exclusive and original jurisdiction shall be:

"(a) A proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under property tax laws.

"(b) A proceeding for refund or redetermination of a tax under the property tax laws."

The Tax Tribunal has broad jurisdiction over proceedings pertaining to property tax assessments. *State Treasurer v Eaton,* 92 Mich App 327, 333; 284 NW2d 801 (1979). The provisions of the Tax Tribunal Act are effective notwithstanding the provisions of any statute, charter or law to the contrary. MCL 205.707; MSA 7.650(7). The tribunal has original and exclusive jurisdiction over all agency decisions relating to assessment. *Henal Realty Co v Brownstown Twp,* 90 Mich App 374, 377; 282 NW2d 325 (1979). One legislative purpose of vesting the tribunal with such broad authority over property tax assessment disputes was to assure that tax contests would be resolved in the first instance by an expert body. *State Treasurer v Eaton, supra,* 333.

We reject plaintiff's claim that the constitutional questions raised in its complaint invoke the exercise of jurisdiction by the circuit court because the tribunal is without the power to hear constitutional claims. With respect to the Tax Tribunal, the long-established legal principle that an administrative agency cannot review constitutional questions has been eroded by statute and judicial decision. *Eyde v Lansing Twp,* 105 Mich App 370, 375; 306 NW2d 797 (1981). See also *Xerox Corp v Kalamazoo,* 76 Mich App 150, 153; 255 NW2d 797 (1977). To rule that the tribunal may not consider

constitutional claims would preclude the full utilization of its expertise in the area of property taxation. *Edros Corp v City of Port Huron,* 78 Mich App 273, 279-280; 259 NW2d 456 (1977). Judicial review of a constitutional claim concerning property taxes is adequately preserved by allowing a plaintiff to raise the claim in the tribunal with appeal by right to this Court from the tribunal's final determination. *Henshaw v State Tax Comm,* 92 Mich App 585, 588; 285 NW2d 382 (1979). The need to preserve the tribunal's exclusive jurisdiction is especially great where, as here, factual issues requiring the tribunal's expertise are present. *Edros, supra,* 279-280, *Eyde, supra,* 377.

We also reject plaintiff's claim that its request for equitable relief invokes the circuit court's jurisdiction despite the Legislature's exclusive grant of jurisdiction to resolve assessment disputes to the tribunal. Plaintiff relies heavily on this Court's opinion in *Romulus City Treasurer v Wayne County Drain Comm'r,* 86 Mich App 663; 273 NW2d 514 (1978), lv gtd 406 Mich 976 (1979). Assuming the validity of the *Romulus* decision, the present case is clearly distinguishable on its facts. In *Romulus,* the plaintiffs alleged fraud and misuse of funds in the operation of the drain commissioner's office. Similar allegations are not present here. This is clearly a tax assessment dispute and, as such, falls squarely within the exclusive jurisdiction of the tribunal. See also *Eyde v Lansing Twp, supra,* 378-379, *Turner v Lansing Twp,* 108 Mich App 103; 310 NW2d 287 (1981), *Edros Corp v City of Port Huron,* 78 Mich App 273; 259 NW2d 456 (1977).

Plaintiff's claim that it will suffer irreparable harm without circuit court intervention is belied

by plaintiff's attempt to resist adjudication of this assessment dispute in the tribunal. We reject plaintiff's claim that GCR 1963, 521.1 allows the circuit court to make a declaratory judgment in an assessment dispute. GCR 1963, 521.1 limits a circuit court's power to make declaratory judgments to cases "of actual controversy within its jurisdiction". Since circuit courts have no jurisdiction over property tax disputes, which have been consigned to the exclusive jurisdiction of the tribunal by the Legislature, they are without power to make declaratory judgments in such disputes.

Affirmed.