HENSHAW v STATE TAX COMMISSION (ON REMAND)

Docket No. 66826. Submitted April 14, 1983, at Detroit.—Decided
    July 6, 1983. Leave to appeal applied for.

    Robert E. Henshaw, Sheleen Henshaw and other property owners
        in Shelby Township and the City of Sterling Heights in Ma-
        comb County brought an action against the State Tax Commis-
        sion, Macomb County, Shelby Township and the City of Ster-
        ling Heights. The State Tax Commission had determined that
        the property in Macomb County was underassessed by 14.6%
        based upon assessments by local units of government, intra-
        county equalization by the County Board of Commissioners and
        intercounty or state equalization. The local taxing districts
        issued final tax bills on · the basis of the Tax Commission's
        equalized value and increased property tax liability for the
        1975 tax year for collection in the billings issued between
        December of 1977 and July of 1978. Plaintiffs' complaint chal-
        lenged the validity of the tax, sought to enjoin its collection
        and requested a refund of all taxes paid pursuant to the levy.
        Defendants moved for accelerated and summary judgment.
        Macomb Circuit Court, Arthur E. Moore, J., ruled that the
        circuit court did not have jurisdiction over the matter and
        granted defendants' motions. Plaintiffs appealed, and the Court
        of Appeals affirmed, 92 Mich App 585 (1979). The Supreme
        Court, in lieu of granting leave to appeal, vacated the Court of
        Appeals judgment and remanded to the Court of Appeals for
        reconsideration in light of recent Supreme Court decisions. On
        remand, two issues are presented: whether the state's inter-
        county equalization procedures deny due process of law to
        individual taxpayers and whether the final levy of a 1975
        property tax in 1978 violated the requirement of uniformity of
        taxation. *Held:*

        1. Because the issues involve constitutional questions and the
        facts are undisputed, the circuit court is the proper forum. The

REFERENCES FOR POINTS IN HEADNOTES
[1] 72 Am Jur 2d, State and Local Taxation § 1140.
[2] 72 Am Jur 2d, State and Local Taxation §§ 831, 832.
[3] 71 Am Jur 2d, State and Local Taxation § 150.
[4] 71 Am Jur 2d, State and Local Taxation § 20.

circuit court has not been divested of jurisdiction to determine cases involving purely constitutional issues outside the Tax Tribunal's sphere of expertise.

2. In lieu of remanding the case to the circuit court, the Court of Appeals addressed the constitutional issues. Individual taxpayers are not denied due process in the state intercounty equalization proceedings. They are represented by elected officials at every stage of the proceedings, and the question of whether that representation is adequate is not for a court to decide.

3. The final levy in 1978 for 1975 taxes was not an increase in 1978 taxes and was not violative of the requirement of uniformity of taxation. Further, the fact that some 1978 property owners were not property owners in 1975 is of no consequence, since taxes are levied on property, not on ownership.

The circuit court decision is reversed, but remand is unnecessary as the constitutional issues have been decided by the Court of Appeals.

1. TAXATION — TAX TRIBUNAL — JURISDICTION.
    The Tax Tribunal Act, while vesting exclusive jurisdiction over taxation matters in the tribunal, did not divest the circuit courts of jurisdiction to determine cases involving purely constitutional issues outside the tribunal's sphere of expertise.

2. TAXATION — PROPERTY TAX — INTERCOUNTY EQUALIZATION.
    Representation of a county's taxpayers by the county's elected officials in intercounty equalization proceedings does not deny individual taxpayers due process of law.

3. TAXATION — UNIFORMITY OF TAXATION — FINAL LEVY.
    A final levy of 1975 property taxes made in 1978 in accordance with intercounty equalization adjustments did not represent an increase in 1978 taxes; rather, the final levy was designed to achieve the constitutional goal of uniformity of taxation (Const 1963, art 9, § 3).

4. TAXATION — PROPERTY TAX — OWNERSHIP OF PROPERTY.
    Property taxes are levied on property rather than on the owners of the property.

*Cox, Hooth & Curley* (by *Gilbert C. Cox, Jr.,* and *John L. Cerretani),* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J.*

*Caruso,* Solicitor General, and *Richard R. Roesch,* Assistant Attorney General, for defendants.

*Stewart, O'Reilly, Lascoe & Rancilio, P.C.* (by *Edward L. Graham),* for defendant City of Sterling Heights.

On Remand

Before: J. H. GILLIS, P.J., and BEASLEY and V. J. BRENNAN, JJ.

J. H. GILLIS, P.J. This case is before the Court of Appeals on remand from the Supreme Court for reconsideration in light of *Wikman v City of Novi,* 413 Mich 617; 322 NW2d 103 (1982), and *Romulus City Treasurer v Wayne County Drain Comm'r,* 413 Mich 728; 322 NW2d 152 (1982). See *Henshaw v State Tax Comm,* 92 Mich App 585; 285 NW2d 382 (1979), *vacated* 414 Mich 902; 323 NW2d 910 (1982).

The undisputed underlying facts of this case were succinctly stated in *Henshaw,* 92 Mich App 586-587, as follows:

"Plaintiffs each own property in either Shelby Township or the City of Sterling Heights in Macomb County. Following assessment by the local units of government and intracounty (county) equalization by the County Board of Commissioners, the State Tax Commission, as part of the intercounty (state) equalization process, determined that the property in Macomb County was underassessed by 14.6 percent. The county attempted to appeal the decision of the State Tax Commission but was denied leave by both this Court and the Michigan Supreme Court. During the pendency of its applications for leave to appeal, the county directed the local units of government to issue their 1975 tax bills as a tentative levy based upon the county equalized value.

"When the county and local governmental units declined to collect the increased tax liability, the Chippewa Valley school district commenced a suit to force the county to levy 1975 taxes on the basis of the state equalized value. This suit was successful and as a result final 1975 tax bills were sent to property owners between December, 1977, and July, 1978.

"Plaintiffs in the instant suit, some of whom did not own property in Macomb County in 1975, filed suit in Macomb County Circuit Court seeking a refund of these taxes. Defendants brought motions for accelerated and summary judgment. The trial court ruled that it did not have jurisdiction over the matter and granted defendants' motions. Plaintiffs now appeal as of right."

In *Henshaw,* this Court affirmed the circuit court's grant of summary and accelerated judgments, concluding that the Tax Tribunal possessed exclusive jurisdiction over plaintiffs' claims pursuant to MCL 205.731(b); MSA 7.650(31)(b). The Court noted that plaintiffs' constitutional issues could be raised before the tribunal with an appeal by right to this Court. 92 Mich App 587-589.

The Supreme Court vacated this Court's judgment in *Henshaw* by an order entered August 30, 1982, remanding the case to this Court for reconsideration in light of *Wikman* and *Romulus.* The Supreme Court also ordered that the parties be permitted to submit new briefs and make new arguments. The Supreme Court did not retain jurisdiction.

On remand, plaintiffs do not challenge the factual underpinnings of the 1975 intercounty equalization proceedings, their local assessments, the intracounty equalization factor applied to their property, nor the arithmetical effect of intercounty equalization. Plaintiffs present two questions to this Court:

I. Are individual property owners denied due

process of law by the state's intercounty equalization procedures?

II. Did the final levy of a 1975 property tax in 1978 violate the constitutional requirement of uniformity of taxation?

Since both issues involve constitutional questions and the facts are undisputed, the parties agree that the circuit court is the proper forum in which to raise these issues. In light of the decision in *Wikman* and *Romulus,* we agree; we conclude that the Legislature did not intend to divest the circuit court of jurisdiction to determine cases involving purely constitutional issues outside the tribunal's sphere of expertise.

In lieu of remanding this case to circuit court, we will address these issues. GCR 1963, 820.1.

I

Are individual property owners denied due process of law by the state's intercounty equalization procedures?

Plaintiffs contend that the situation wherein they are forced to be represented at state equalization hearings by their elected county representatives denies them due process of law. They contend that in 1975, before the amendment of MCL 211.34; MSA 7.52,[1] the county could not adequately represent them because the county's interest was adverse to their own, *i.e.,* because the county would benefit from an increase in local assessments as a result of the state equalization proceedings, plaintiffs' interests were not represented at those proceedings.

---

[1] MCL 211.34; MSA 7.52 requires a millage roll-back for tax years 1976 and after where intercounty equalization increases the equalized value of the county.

The constitution mandates that the Legislature provide for a system of equalization of assessments. Const 1963, art 9, § 3. MCL 209.1 *et seq.;* MSA 7.601 *et seq.,* is the legislative implementation of the constitutional requirement for an equalization system. See *Brittany Park Apartments v Harrison Twp,* 104 Mich App 81, 86-87; 304 NW2d 488 (1981), where the Court describes the equalization process.

Each of this state's 83 counties has the opportunity to contest the State Tax Commission's determinations regarding intercounty equalization. See *Emmet County v State Tax Comm,* 397 Mich 550, 556; 244 NW2d 909 (1976). In equalization proceedings, the county represents the taxpayers of the entire county. Thus, as defendants argue, the county represented plaintiffs' interests in the instant intercounty equalization proceedings.

In *Brittany Park,* individual taxpayers sought to contest the validity of their 1975 property taxes after intercounty equalization. In order to avoid due process and equal protection implications under both the federal and state constitutions, this Court interpreted MCL 205.735; MSA 7.650(35) and MCL 205.737; MSA 7.650(37) to give the taxpayers standing to petition the Tax Tribunal for a determination of the lawful property assessment of their property after intercounty equalization for the 1975 tax year.

We hold that individual taxpayers are not denied due process of law in the state intercounty equalization proceedings. They are represented at every stage in those proceedings. Whether elected officials adequately represent their constituents is not a question for this or any court. We therefore decline to discuss whether the Macomb County officials adequately represented the plaintiffs in 1975.

II

Did the final levy of a 1975 property tax in 1978 violate the constitutional requirement of uniformity in taxation?

A final levy of 1975 taxes in 1978 is not an increase in 1978 taxes. Rather, it is the 1975 final levy in accordance with intercounty equalization adjustments. See, generally, OAG 1979-1980, No 5767, p 953 (September 3, 1980). This final levy was designed to achieve the goal of uniformity of taxation, Const 1963, art 9, § 3. See *Ann Arbor Twp v State Tax Comm,* 393 Mich 682, 687; 227 NW2d 784 (1975). Indeed, if the county had waived the collection of the additional levy for the tax year 1975, it would have violated the uniformity clause. *Brittany Park, supra,* p 95. Thus, the final levy of 1975 taxes in 1978 did not result in a violation of the uniformity clause.

Plaintiffs also argue that it is impermissible to levy a 1975 tax in 1978 on property owners who might not have been owners of property in Macomb County during 1975. Defendants contend that plaintiffs' assertion is frivolous, as it overlooks the fact that the "tentative" levy gave notice to buyers that a "final" levy was forthcoming and that property taxes are levied on property rather than ownership. Defendants are correct; property is the subject of taxation and its owner is a conduit for the exaction. See, generally, *Lucking v Ballantyne,* 132 Mich 584, 586; 94 NW 8 (1903).

In view of the foregoing, the decision of the circuit court granting defendants' motions for summary and accelerated judgment is reversed. Inasmuch as this Court has decided the constitutional issues, a remand to the circuit court is unnecessary.