STATE TREASURER v EATON

Docket No. 78-1687. Submitted March 12, 1979, at Lansing.—Decided September 6, 1979.

In 1978, the State Treasurer brought an action in the Midland Circuit Court for the sale of certain lands in Midland County belonging to defendant taxpayer, Henry G. Eaton. The complaint alleged that the taxes were unpaid since 1975. Defendant contested the validity of the taxes. In his written objections he claimed he had gone before the local board of review to challenge the fairness of the assessment. Plaintiff concedes defendant's appearance before the local board but claims he did not proceed with any other administrative review. Defendant objected to his assessment on the grounds of discrimination, partiality and fraud. Midland Circuit Court, Tyrone Gillespie, J., conducted a hearing on defendant's objections. The court found the property was overvalued and overassessed. The taxes were reduced with the proviso that the land would be sold if defendant failed to pay the lowered taxes within ten days. Plaintiff appeals the circuit court's tax reduction claiming that the court lacked authority to reduce the assessment because defendant failed to exhaust his right to direct review to the state tax tribunal and that the court exceeded its authority by reducing defendant's assessment absent a finding of fraud. The issue on appeal is whether a circuit court in an action to foreclose a tax lien has jurisdiction to review the validity of the tax upon the taxpayer's objection, or whether the tax tribunal formed pursuant to the Tax Tribunal Act is the appropriate forum. *Held:*

It is unnecessary to determine whether there was a sufficient showing and finding of fraud to support the circuit court's redetermination of defendant's taxes because the circuit court did not have jurisdiction to review defendant's tax question. The provisions of the recently enacted Tax Tribunal Act make

REFERENCES FOR POINTS IN HEADNOTES

[1, 4-6, 8] 72 Am Jur 2d, State and Local Taxation § 787.

[2] 72 Am Jur 2d, State and Local Taxation §§ 787, 1032.

[3] 72 Am Jur 2d, State and Local Taxation §§ 778, 787.

[7] 72 Am Jur 2d, State and Local Taxation §§ 787, 1140.

the state tax tribunal the exclusive forum for such review. Defendant, by his written objections, asserted a tenable claim of fraud by the local board of review in assessing his property sufficient to support a finding of illegality under the General Property Tax Act. Therefore, he is entitled to collateral review of his tax assessment by the tribunal. The circuit court should have postponed or dismissed its action to give defendant an opportunity to appear before the tribunal for a determination of tax validity or a final disposition of his tax problem.

Reversed and transferred to the tax tribunal.

1. TAXATION — PROPERTY TAXES — COLLATERAL ATTACK — APPEAL — AMOUNT AND VALIDITY OF ASSESSMENTS.

A taxpayer's failure to contest a property tax assessment by direct appeal precludes collateral attack on the amount of the assessment but does not necessarily preclude collateral attack on the validity of the assessment.

2. TAXATION — TAX LIENS — SALE OF PROPERTY — ILLEGAL ASSESSMENTS — REVIEW — REDETERMINATION OF TAX — STATUTES.

A taxpayer may object to the proposed sale of his or her property in a suit brought by the state to enforce a tax lien on the grounds that the taxes assessed are illegal and if the reviewing body finds any portion of the tax to be illegal, it has the authority to redetermine the tax assessment (MCL 211.66, 211.76; MSA 7.111, 7.122).

3. TAXATION — PROPERTY TAXES — COLLATERAL REVIEW — FRAUD — ILLEGALITY — STATUTES.

A taxpayer is entitled to collateral review of his tax assessment by the state tax tribunal where, by his written objections in an action to foreclose a tax lien, he has asserted a tenable claim of fraud by the local board of review sufficient to support a finding of illegality under the General Property Tax Act (MCL 211.76; MSA 7.122).

4. TAXATION — PROPERTY TAXES — STATE TAX TRIBUNAL — JURISDICTION — REVIEW — REFUNDS — REDETERMINATION — STATUTES.

The state tax tribunal has broad jurisdiction over proceedings pertaining to property tax assessments including: (1) exclusive and original jurisdiction in proceedings for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under property tax laws, and (2) proceedings for refunds or redetermination of a tax under the property tax laws (MCL 205.731; MSA 7.650[31]).

5. TAXATION — TAX TRIBUNAL ACT — JURISDICTION — STATUTES.

The provisions of the Tax Tribunal Act are effective notwithstanding the provisions of any statute, charter or law to the contrary (MCL 205.707; MSA 7.650[7]).

6. TAXATION — PROPERTY TAXES — STATE TAX TRIBUNAL — JURISDICTION — CIRCUIT COURTS — CONFLICTS OF RULINGS — AGENCY DECISIONS.

The state tax tribunal was vested with broad authority over property tax assessments to insure that tax contests would be resolved in the first instance by an expert body.

7. TAXATION — PROPERTY TAXES — STATE TAX TRIBUNAL — CIRCUIT COURTS — JURISDICTION — STATUTES.

The jurisdictional powers granted the state tax tribunal under the Tax Tribunal Act supersede those previously reserved to the circuit court; therefore, when a taxpayer raises a tenable issue regarding the validity of his property tax in circuit court, the circuit court should postpone or dismiss its action until the taxpayer has an opportunity to appear before the tribunal for a determination of tax validity or a final disposition of his tax problem (MCL 205.741; MSA 7.650[41]).

8. TAXATION — PROPERTY TAXES — STATE TAX TRIBUNAL — JURISDICTION — STATUTES.

The state tax tribunal, where it has acquired jurisdiction of a property tax case, has the power to grant other relief or issue writs, orders, or any directives which it deems necessary or appropriate in the process of disposition of the matter (MCL 207.732[c]; MSA 7.605[32][c]).

*Doyle A. Rowland,* Prosecuting Attorney, and *Patricia A. O'Gorman,* Assistant Prosecuting Attorney, for plaintiff.

Before: CYNAR, P.J., and J. H. GILLIS and N. A. BAGULEY,* JJ.

N. A. BAGULEY, J. The issue on appeal is whether a circuit court in an action to foreclose a tax lien, see generally MCL 211.60-211.69; MSA 7.104-7.114, has jurisdiction to review the validity of the tax upon the taxpayer's objection, or

---

* Circuit judge, sitting on the Court of Appeals by assignment.

whether the tax tribunal formed pursuant to the Tax Tribunal Act, MCL 205.701 *et seq.;* MSA 7.650(1) *et seq.,* is the appropriate forum. By its action in this case, the circuit court implicitly ruled that it had jurisdiction. We reverse.

In February, 1978, the State Treasurer petitioned the Midland County Circuit Court for the sale of certain lands in Midland County belonging to the defendant taxpayer. The petition alleged that taxes assessed on the property were unpaid since 1975.

Defendant contested the validity of the taxes. In his written objections, he claimed that he had gone before the local board of review to challenge the fairness of the assessment and had written to the "Tax Commission" about the situation "with no results and only referrals to other offices". Plaintiffs concede that defendant appeared before the local board of review to protest the assessment in 1975, but claim that defendant did not proceed with any other administrative review. Defendant objected to his assessment on the grounds that (1) he had been discriminated against, (2) the local board of review had been partial to friends, relatives and township board members, and (3) when defendant asked to have the assessment on his land lowered, the board instead raised the assessment on adjoining land belonging to the former township supervisor.

The circuit court conducted a hearing on defendant's objections. Based upon the documents and testimony received, the court found that defendant's property had been overvalued and overassessed. The court lowered the fair market valuation from $11,270 to $8,420 and lowered the assessed valuation from $6,250 to $4,160. The judge ordered the land to be sold if defendant failed to

pay the lowered taxes within ten days of the court's final decree.

Plaintiffs appeal the lower court's reduction of the assessment. Plaintiffs claim the trial court lacked authority to reduce the assessment in this collateral proceeding because defendant failed to exhaust his right to direct review by the state tax tribunal, MCL 205.731; MSA 7.650(31). In addition, the state claims that even if defendant were entitled to court review of his assessment, the circuit court exceeded its authority by reducing defendant's assessment absent a finding of fraud.

We hold that defendant was entitled to collateral review of his tax assessment to determine its validity, but that the circuit court did not have jurisdiction to review the question. By virtue of the provisions of the recently enacted Tax Tribunal Act, the exclusive forum for such review is now the tax tribunal. Because of our decision on this issue, we need not determine whether there was a sufficient showing and finding of fraud below to support the circuit court's redetermination of defendant's taxes.

## I. RIGHT TO COLLATERAL REVIEW

A taxpayer's failure to contest a property tax assessment by direct appeal precludes collateral attack on the amount of the assessment, but does not necessarily preclude collateral attack on the validity of the assessment. See *Auditor General v Smith,* 351 Mich 162; 88 NW2d 429 (1958). Under a provision of the General Property Tax Act, MCL 211.66; MSA 7.111, a taxpayer may object to the proposed sale of his or her property in a suit brought by the state to enforce a tax lien on the grounds that the taxes assessed are illegal. If the reviewing body in such a § 66 proceeding finds any

portion of the tax to be illegal, it has the authority to redetermine the tax assessment.

Section 76 of the General Property Tax Act sets forth the acceptable bases for finding a tax illegal:

"In any suit or proceeding to enforce or set aside any tax before sale, such tax shall be held illegal only for 1 of the following reasons:

"First, That no law authorizes such tax;

"Second, That the person or persons appointed to decide whether a tax shall be raised under a given law, have acted without jurisdiction, or have not imposed the tax in question;

"Third, That the person or property assessed was exempt from the taxation in question or was not legally assessed;

"Fourth, That the tax has been paid;

"Fifth, That the supervisor or board of review in assessing a person or property for taxation, or in the apportionment of the tax to the person or property in .question acted fraudulently.

"If any such illegality, omission or fraud affects the amount of one [1] tax only, the tax shall be sustained so far as the same is legal and just." MCL 211.76; MSA 7.122.

Defendant, by his written objections, asserted a tenable claim of fraud by the board of review in assessing his property sufficient to support a finding of illegality under § 76 of the General Property Tax Act. He was thus entitled to collateral review of his tax assessment under § 66 of the same act.

## II. The Proper Forum for Review

According to § 66 of the General Property Tax Act, jurisdiction over collateral review of a tax assessment under that provision was in the circuit court with appeal to the Court of Appeals.

In 1973, however, the Legislature enacted the Tax Tribunal Act, thereby authorizing the formation of a state tax tribunal with broad jurisdiction over proceedings pertaining to property tax assessments. Section 31 of the act provides as follows:

"The tribunal's exclusive and original jurisdiction shall be:

"(a) A proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under property tax laws.

"(b) A proceeding for refund or redetermination of a tax under the property tax laws." MCL 205.731; MSA 7.650(31).

The provisions of the act are effective notwithstanding the provisions of any statute, charter or law to the contrary. MCL 205.707; MSA 7.650(7).

One apparent legislative purpose of vesting the tax tribunal with such broad authority over property tax assessment questions was to assure that tax contests would be resolved in the first instance by an expert body. *Cf.,* Davis, Administrative Law Text, § 19.01, pp 373-374 (rationale behind doctrine of primary jurisdiction).

In another situation similar to that of the instant case, this Court has already recognized that the jurisdictional powers granted the state tax tribunal under the Tax Tribunal Act supersede those previously reserved to the circuit court. Under § 53 of the General Property Tax Act, a dissatisfied taxpayer could pay the assessed tax under protest and then sue in a local circuit court for a refund. This Court held in *Eyde v Lansing Twp,* 79 Mich App 358; 261 NW2d 321 (1977), that the jurisdictional mandate in the Tax Tribunal Act,

MCL 205.731, had divested the circuit court of jurisdiction over suits for a refund. See also MCL 205.741; MSA 7.650(41), MCL 205.774; MSA 7.650(74), and *Xerox Corp v Kalamazoo,* 76 Mich App 150; 255 NW2d 797 (1977).[1]

Today we hold that an objection to the validity of a tax assessment, which was previously addressable to the circuit court in an action to enforce a tax lien under § 66 of the General Property Tax Act, must now be addressed to the tax tribunal. The Legislature has specifically provided in the Tax Tribunal Act that:

"A person or legal entity which, immediately before the effective date of this act, was entitled to proceed before the state tax commission or circuit court of this state for determination of a matter subject to the tribunal's jurisdiction, as provided in section 31, shall proceed only before the tribunal." MCL 205.741; MSA 7.650(41).

Common sense clearly dictates that the proceeding described in § 66 for contesting the validity of a tax assessment and redetermining the tax upon a finding of illegality is "[a] proceeding for * * * redetermination of a tax under the property tax law" within the meaning of MCL 205.731. Consistent with the language and purpose of the Tax Tribunal Act, such a proceeding must be held before the tax tribunal.

Thus, when a taxpayer raises a tenable issue regarding the validity of any tax in an action to enforce a tax lien, the circuit court should postpone its action on the case until the taxpayer has

---

[1] Although *Eyde, supra,* and *Xerox Corp, supra,* do not mention this fact, we note that MCL 211.53; MSA 7.97, was amended in 1976 and the portion of that section allowing a taxpayer suit for refund of taxes paid under protest was deleted.

had a reasonable opportunity to obtain a determination by the tax tribunal as to the validity of the tax. *Cf. Davis, supra.* In some instances it may be appropriate to dismiss the case altogether to allow for a complete and final disposition of the matter by the tax tribunal. We note that among the powers of the tax tribunal is the power to "[grant] other relief or [issue] writs, orders, or directives which it deems necessary or appropriate in the process of disposition of a matter of which it may acquire jurisdiction." MCL 205.732(c); MSA 7.605(32)(c).

In the instant case the circuit court exceeded its authority by redetermining defendant's tax on the subject property.

Reversed and transferred to the tax tribunal for further proceedings consistent with this opinion. No costs, a public question being involved.