BRIDGEPORT CHARTER TOWNSHIP v SAGINAW COUNTY
DRAIN COMMISSIONER

Docket No. 57338. Submitted June 3, 1982, at Lansing.—Decided July
20, 1982.

A petition for construction of drain improvements, signed by five
property owners, was filed with the Saginaw County Drain
Commissioner. The project was approved and the drain commis-
sioner apportioned the benefits to the applicable properties and
municipalities for tax assessment purposes. Bridgeport Charter
Township and several others brought an action against the
drain commissioner to enjoin the construction. The Saginaw
Circuit Court, Joseph R. McDonald, J., held that the petition
was insufficient to confer jurisdiction on the drain commis-
sioner in that signatures were required from at least 50% of
the landowners whose lands would be traversed by the pro-
posed drain. The court also held that the proposed assessment
roll was arbitrary and capricious and not based on competent
evidence. The drain commissioner was enjoined from proceed-
ing with the project, and appeals. *Held:*

1. The word "project", in the applicable statute, applies only
to the proposed construction, not to the existing drain. There-
fore, because none of the proposed work involved the installa-
tion of pipe larger than 36 inches in diameter, the applicable
statute requires only five signatories to the petition. The trial
court erred in enjoining the project on the basis of a petition
with insufficient signatures.

2. Exclusive jurisdiction of an attack on a drain commission-
er's assessments is in the Tax Tribunal. The trial court did not
have jurisdiction to decide the issue of the assessments.

Reversed and remanded.

1. DRAINS — PETITIONS FOR CONSTRUCTION OF DRAINS.

The dimension of an existing drain conduit is not determinative
of the required number of signatories on a petition for a drain

REFERENCES FOR POINTS IN HEADNOTES
[1] 25 Am Jur 2d, Drains and Drainage Districts § 31.
[2] 25 Am Jur 2d, Drains and Drainage Districts §§ 41, 42.
    70 Am Jur 2d, Special or Local Assessments § 25.

improvement project if the proposed undertaking does not include a tiled relief drain or the tiling of an existing open drain, either of which has a conduit exceeding 36 inches in diameter, or the retiling of an existing drain with a conduit in excess of 36 inches in diameter (MCL 280.71, 280.191; MSA 11.1071, 11.1191).

2. DRAINS — TAXATION — SPECIAL PROPERTY ASSESSMENTS.
   An attack on a drain commissioner's special property assessment is within the exclusive jurisdiction of the Tax Tribunal (MCL 205.731; MSA 7.650[31]).

*Merritt R. Jones,* for defendant.

Before: DANHOF, C.J., and BEASLEY and J. P. SWALLOW,* JJ.

PER CURIAM. On July 23, 1979, plaintiffs, Bridgeport Charter Township, Robert Davis, and others, filed a complaint in the Saginaw County Circuit Court seeking to enjoin the Saginaw County Drain Commissioner, James Koski, from proceeding with a construction project on the Bridgeport drain. From the trial court's opinion and order which enjoined the proposed construction project, defendant appeals as of right.

At trial, the Deputy County Drain Commissioner, Beverly Shaw, testified that she received a petition for the subject drain construction signed by five freeholders of property. On June 18, 1978, a board of determination[1] made a determination of necessity, and an engineering company was hired to plan and construct the proposed drain improvements. The drain commissioner apportioned the project's benefits to the applicable freeholders' parcels and municipal units, and a review hearing on the assessments was held on June 16, 1979.

The Drain Commissioner, James Koski, testified

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCL 280.72; MSA 11.1072.

that, after the board of determination acted on the freeholders' petition, he hired an engineering firm to study the proposal. He stated that the existing Bridgeport drain had a 48-inch pipe. He decided that a 36-inch pipe should be connected and run parallel to a portion of the drain in order to allow it to handle greater amounts of water.

In permanently enjoining the drain construction project, the trial court held that the submitted petition was insufficient to confer jurisdiction on the drain commissioner. The basis for the trial court's decision was that it interpreted the Drain Code[2] to require that the petition be signed by at least 50% of the freeholders whose lands would be traversed by the proposed drain.

On appeal, defendant maintains that MCL 280.191; MSA 11.1191 provides for a minimum of five freeholders to petition for drain construction as long as the project does not include drain pipe with an inside diameter exceeding 36 inches. The foregoing statute provides, in pertinent part:

"When a drain or portion thereof, which traverses lands wholly in 1 county, and lands only in 1 county which is subject to assessment, needs cleaning out, relocating, widening, deepening, straightening, tiling, extending, or relocating along a highway, or requires structures or mechanical devices that will properly purify or improve the flow of the drain or pumping equipment necessary to assist or relieve the flow of the drain, or needs supplementing by the construction of 1 or more relief drains which may consist of new drains or extensions, enlargements, or connections to existing drains, or needs 1 or more branches added thereto, any 5 or at least 50% of the freeholders if there are less than 5 freeholders whose lands shall be liable to an assessment for benefits of such work, may make petition in writing to the commissioner setting forth the

2 MCL 280.1 *et seq.;* MSA 11.1001 *et seq.*

necessity of the proposed work and the commissioner shall proceed in the same manner provided for the location, establishment, and construction of a drain. *If the project includes a tiled relief drain, or the tiling of an existing open drain or any portion thereof, with a conduit a part of which has an inside diameter in excess of 36 inches or the retiling of an existing drain with a conduit, a part of which has an inside diameter in excess of 36 inches, then the petition shall comply with section 71.* The preceding sentence shall not be applicable to the construction of bridges, culverts, and passageways. The word tiling as used in this and other sections of this act, means the laying of a conduit composed of tile, brick, concrete, or other material." (Emphasis added.)

If a proposed work includes a drain pipe which has an inside diameter exceeding 36 inches, the petition must comply with the following statute:[3]

"After a drainage district has been established and the order therefor filed with the county drain commissioner, a petition to locate, establish and construct a drain may be filed with the commissioner having jurisdiction of the lands designated in such order as constituting the drainage district. Such petition shall ask for the location, establishment and construction of the drain or drains, or any part thereof, as described in said order. The petition shall be signed by a number of freeholders in said drainage district whose lands would be liable to an assessment for benefits, equal to 1/2 the number of freeholders whose lands would be traversed by the drain or drains applied for or abut on any highway or street along the side of which such drain extends, between the point where such drain enters such highway and the point where it leaves such highway and which lands are within the drainage district."

At trial, the parties were in agreement that the existing Bridgeport drain contained substantial

[3] MCL 280.71; MSA 11.1071.

portions of pipe with an inside diameter of 48 inches. Furthermore, it was not disputed that the proposed drain work involved the installation of 36-inch pipe. Consequently, our resolution of this issue rests on whether the word "project", as used in the statute, refers to the existing drain or to the proposed construction.

A definition of the word "project" is found at 73 CJS, p 127:

"The word 'project', in these latter years of state and federal construction of public works, has a well-known and generally recognized connotation which carries the meaning of a planned undertaking, a definitely formulated scheme or proposal, and the term 'projects' has been a recognized designation for public works and improvements. 'Project' has been defined as meaning an undertaking devised to effect the reclamation or improvement of a particular area." (Footnotes omitted.)

"Project" is also defined as:

"1. a proposal of something to be done; plan; scheme 2. an organized undertaking; specif., a) a special unit of work, research, etc., as in school, a laboratory, etc. b) an extensive public undertaking, as in conservation, construction, etc."[4]

In evaluating the applicable Drain Code statutes, we do not believe that the Legislature intended that an existing drain control whether a subsequent work would require 50% of the freeholders to be signatories of a petition in support of the proposed work.

We conclude that if the proposed undertaking does not include a tiled relief drain or the tiling of an existing open drain, either of which has a

[4] Webster's New World Dictionary (2d ed), p 1136.

conduit exceeding 36 inches in diameter, or the retiling of an existing drain with a conduit in excess of 36 inches, the dimension of the existing drain conduit is not germane to the determination of the required number of signatories. If the Legislature intended for the existing work's size to control, it would not have referred to the measurement of the "project" or proposed work.

Accordingly, we find that the trial judge erred in granting the permanent injunction based on defendant, the drain commissioner, lacking jurisdiction of the proposed drain work. The petition embodying five landowners' signatures comported with the requirements of MCL 280.191; MSA 11.1191.

Another issue at trial concerned defendant's proposed special drain assessments. In holding that the proposed assessment roll was arbitrary and capricious, the trial court found that the tax assessment was not based on competent evidence.

As a result of four witnesses testifying at trial regarding the methods used to arrive at various assessments of land parcels within the drain district, defendant contends there was sufficient evidence to support the apportionment of benefits and assessments.

An attack on the drain commissioner's special property assessment is reposed in the exclusive jurisdiction of the Michigan Tax Tribunal. MCL 205.731; MSA 7.650(31) provides:

"The tribunal's exclusive and original jurisdiction shall be:

"(a) A proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under property tax laws.

"(b) A proceeeding for refund or redetermination of a tax under the property tax laws."

In vesting the Michigan Tax Tribunal with original and exclusive jurisdiction over property tax assessment questions, the Legislature intended for tax contests to be resolved in the first instance by a specialized agency.[5] We, therefore, vacate the trial court's holding that the proposed assessment was arbitrary and capricious. The trial court did not have jurisdiction to decide the issue since an attack on a special assessment arising under property tax laws can be lodged only in the Michigan Tax Tribunal.

Reversed and remanded.

---

[5] *State Treasurer v Eaton,* 92 Mich App 327, 333; 284 NW2d 801 (1979).