De SAELE v CITY OF STERLING HEIGHTS (ON REMAND)

BORMAN, INC v CITY OF STERLING HEIGHTS (ON REMAND)

Docket Nos. 46173, 46174, 66255, 66256. Submitted June 19, 1980, at Detroit.—Decided June 5, 1981. On remand, submitted August 19, 1982, at Lansing.—Opinion on remand filed December 16, 1982. Leave to appeal denied, 417 Mich 1087.

Roger A. De Saele and Borman, Inc., for themslves and on behalf of all property owners in two special property tax assessment districts, each brought an action against the City of Sterling Heights alleging fraud in the creation of the special assessment districts and seeking to enjoin collection of the assessments made. The cases were consolidated and the Macomb Circuit Court, Robert J. Chrzanowski, J., granted the city's motion for accelerated judgment. The trial court concluded that, because the plaintiffs requested equitable relief, the court had jurisdiction but that accelerated judgment was proper because the actions were barred by the statute of limitations. The plaintiffs appealed separately and the appeals were consolidated for hearing and decision. The Court of Appeals, in a previously unpublished per curiam opinion, with one member dissenting, found that the trial court lacked subject matter jurisdiction, exclusive jurisdiction being in the Tax Tribunal. The Court found, therefore, that the trial court's grant of accelerated judgment was the right result but was reached for the wrong reason. The Court affirmed, without prejudice to the plaintiffs' right to petition the Tax Tribunal for the relief sought. Both plaintiffs and the defendant sought leave to appeal to the Supreme Court which, in lieu of granting leave, vacated the Court of Appeals judgment and remanded the case to the Court of Appeals for reconsideration in light of two recent Supreme Court decisions involving similar facts. 414 Mich 886 (1982). On remand, *held:*

1. The Tax Tribunal has exclusive jurisdiction over a proceed-

'' REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 72 Am Jur 2d, State and Local Taxation § 787.

[2] 70 Am Jur 2d, Special or Local Assessments § 196.

[4] 5 Am Jur 2d, Appeal and Error §§ 727, 785.

ing in which direct review is sought of a governmental unit's decision concerning a special assessment for a public improvement. Because this is such a case, the Tax Tribunal has exclusive jurisdiction.

2. Although the Tax Tribunal is not directly empowered to issue injunctions, it is empowered to issue writs, orders, or directives, and a party is thereafter free to seek equitable relief to enforce a tribunal decision.

3. Questions regarding how the funds collected pursuant to a special assessment are expended are not within the Tax Tribunal's exclusive jurisdiction.

4. The fraud alleged in plaintiffs' complaints relates to the zoning of the special assessment districts. This issue is properly addressed to the local zoning commission.

5. The circuit court lacked subject matter jurisdiction over this matter. Its grant of accelerated judgment was proper, but for the wrong reason. That result will not be disturbed.

Affirmed, without prejudice to the plaintiffs' right to petition the Tax Tribunal for relief.

1. TAXATION — SPECIAL ASSESSMENTS — JURISDICTION OF TAX TRIBUNAL.

The Tax Tribunal has exclusive jurisdiction over a proceeding seeking direct review of a governmental unit's decision concerning a special assessment for a public improvement (MCL 205.701 *et seq.;* MSA 7.650[1] *et seq.).*

2. TAXATION — TAX TRIBUNAL — EQUITY.

The Tax Tribunal, while not empowered to grant injunctive relief directly, may issue writs, orders, or directives, and nothing in the Tax Tribunal Act prohibits a party from seeking equitable relief to enforce a decision of the tribunal (MCL 205.732; MSA 7.650[32]).

3. TAXATION — SPECIAL ASSESSMENTS — JURISDICTION OF TAX TRIBUNAL.

The Tax Tribunal is competent to ascertain whether special assessments are levied according to the benefits received by the taxpayers involved; however, questions concerning how the funds collected may be expended are not within the exclusive jurisdiction of the Tax Tribunal.

4. APPEAL — RIGHT RESULT FOR WRONG REASON.

The Court of Appeals will not disturb a holding of a trial court which reaches the right result but for the wrong reasons.

*Bender & Thompson, P.C.* (by *Peter J. Bender),* for plaintiff De Saele.

*Ronald R. Sogge,* for plaintiff Borman, Inc.

*Stewart, O'Reilly, Lascoe & Rancilio, P.C.* (by *Neil J. Lehto),* for defendant.

Original Opinion of the Court of Appeals

Before: N. J. Kaufman, P.J., and Cynar and J. E. Townsend,[*] JJ.

Per Curiam. Plaintiffs Roger A. De Saele and Borman, Inc., for themselves and all property owners in two special property tax assessment districts, appeal a trial court decision granting defendant City of Sterling Heights' motion for accelerated judgment. The trial court's order barred separate class action suits brought by the named plaintiffs, which alleged fraud by the defendant's creation of the special assessment districts and sought injunctive relief prohibiting collection of the assessments. Hearings on the motion were held on January 29, April 30, and June 25, 1979. On April 6, 1979, the trial court issued its opinion granting the defendant's motion. On June 14, 1979, the lower court issued an amended opinion further explicating the bases for its decision. Due to the identical nature of the issues and arguments raised by the named plaintiffs, these cases have been consolidated for appeal. Plaintiffs appeal as of right.

The trial court in this case concluded that it had subject matter jurisdiction to hear the plaintiffs' actions based upon the equitable remedies sought

[*] Circuit judge, sitting on the Court of Appeals by assignment.

therein. See *Romulus City Treasurer v Wayne County Drain Comm'r,* 86 Mich App 663, 669-670; 273 NW2d 514 (1978), *lv gtd* 406 Mich 976 (1979), read by the lower court as creating an exception to the otherwise "exclusive" jurisdiction of the Tax Tribunal.

Other cases before this Court, however, have found the tribunal's jurisdiction to encompass claims for relief similar to that sought herein. In *Edros Corp v City of Port Huron,* 78 Mich App 273, 275; 259 NW2d 456 (1977), plaintiff sought in part "a temporary and permanent restraining order preventing any further action regarding the district". The *Edros* Court specifically rejected the plaintiff's argument that Tax Tribunal jurisdiction was unavailable. In its analysis of the Tax Tribunal's jurisdiction, the Court stated:

"MCL 205.731; MSA 7.650(31) grants the tribunal exclusive jurisdiction to review directly final decisions regarding special assessments. *Additionally, the powers of the tribunal are extensive and include the authority to issue the relief requested by plaintiff.*

\* \* \*

"Thus upon a proper showing the tribunal has the authority to order or direct the taxing agency to take no further action relating to a disputed tax assessment until the merits of the controversy have been determined. The fact that the tribunal, as a quasi-judicial agency, has no contempt powers does not diminish the validity and binding force of its writs, orders or directives. Enforcement is obtainable by application to the circuit court." *Edros Corp, supra,* 277-278. (Emphasis added; footnotes omitted.)

Additionally, in *State Treasurer v Eaton,* 92 Mich App 327, 332; 284 NW2d 801 (1979), this Court held that where a taxpayer "asserted a tenable claim of fraud", as defined in MCL 211.76;

MSA 7.122, review of the claim by the Tax Tribunal was proper.

We conclude that the circuit court lacked subject matter jurisdiction over the actions consolidated in this appeal. Accordingly, the circuit court's grant of accelerated judgment was proper, albeit for the wrong reason. The court granted defendant's motion pursuant to GCR 1963, 116.1(5), whereas accelerated judgment properly should have been granted under GCR 1963, 116.1(2). Where the trial court achieves the correct result but assigns the wrong reason therefore, this Court will not disturb that result on appeal. *Durbin v K-K-M Corp,* 54 Mich App 38, 46; 220 NW2d 110 (1974), *lv den* 394 Mich 789 (1975).

To conclude, we affirm the result reached by the trial court, without prejudice to plaintiffs' right to petition the Tax Tribunal for relief within 30 days of the date of release of this opinion.

Such petition, of course, is subject to all defenses which defendant can fairly raise, including those raised in the circuit court. We direct the Tax Tribunal to waive any prior expiration of the 30-day filing rule found in MCL 205.735(3); MSA 7.650(35)(3). GCR 1963, 820.1(7).

Affirmed.

N. J. Kaufman, P.J. *(dissenting).* I respectfully dissent from the well-written opinion of my colleagues for the reasons stated in the majority opinion in *Romulus City Treasurer v Wayne County Drain Comm'r,* 86 Mich App 663; 273 NW2d 514 (1978), *lv gtd* 406 Mich 976 (1979), in which I concurred.

In view of the fact that leave has been granted by the Supreme Court in *Romulus, supra,* I can only state my hope that certain troublesome issues

will soon be given some clarification. Among the issues of concern to me are: whether the Tax Tribunal can issue injunctive relief; what mechanisms are available for enforcement of such relief; and what is the scope of the fact-finding power of the Tax Tribunal, and whether or not it extends to all species of fraud or whether it is limited.

It is my belief that if these matters are not fully addressed by the Supreme Court it will then be the responsibility of the Legislature to bring some light into an area clouded by confusion.

## ON REMAND

Before: N. J. KAUFMAN, P.J., and CYNAR and M. J. KELLY, JJ.

PER CURIAM. Plaintiffs appealed as of right from a circuit court decision granting defendant City of Sterling Heights' motion for accelerated judgment. The Court of Appeals affirmed the result reached by the circuit court. The Court of Appeals decision is reconsidered pursuant to the August 13, 1982, order of the Supreme Court.[1]

Upon careful consideration of *Wikman v City of Novi,* 413 Mich 617; 322 NW2d 103 (1982), we reach the same result as reached in our prior opinion.

In the present case, our plaintiffs' complaints allege that their property will not be specially benefited by the improvements for which the special assessment was levied. Indeed, plaintiffs allege

---

[1] "Leave to appeal considered August 13, 1982, and, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we vacate the Court of Appeals judgment and remand the case to the Court of Appeals for reconsideration in light of *Wikman v City of Novi,* 413 Mich 617 (1982), and *Romulus City Treasurer v Wayne County Drain Comm'r,* 413 Mich 728 (1982)." 414 Mich 886.

that, after the widening and paving of Schoenherr
Road in Sterling Heights is complete, traffic will
increase and will result in additional noise, ex-
haust fumes, speeding, and other nuisances all to
the *detriment* of plaintiffs.

In *Wikman,* the property owners along Taft
Road in Novi brought an action in circuit court
seeking injunctive relief from a special assessment
for paving part of Taft Road. The property owners
argued that their property was not specially bene-
fited by the improvement. The Supreme Court held
that the Tax Tribunal Act, MCL 205.701 *et seq.;*
MSA 7.650(1) *et seq.,* grants the Tax Tribunal
exclusive jurisdiction over a proceeding seeking
direct review of the governmental unit's decision
concerning a special assessment for a public im-
provement. *Wikman, supra,* p 626. The facts in
*Wikman* presented a case within the Tax Tribu-
nal's exclusive jurisdiction. We cannot distinguish
our present case from *Wikman.*

In reaching our conclusion, we note that our
plaintiffs sought to present their cause as a class
action. In *Wikman,* the Court noted defendants'
argument that the Tax Tribunal has jurisdiction to
decide suits affecting an entire class. The Court
accepted defendants' argument and concluded that
allowing such class actions to be brought in circuit
court while prohibiting suits by a single taxpayer
would elevate form over substance. *Wikman, su-
pra,* p 649.

We also note that our plaintiffs sought injunc-
tive relief. The *Wikman* Court was also faced with
this problem. Although injunctive relief may not
be directly available, the tribunal is empowered to
issue writs, orders, or directives. MCL 205.732;
MSA 7.650(32). Nothing in the Tax Tribunal Act
prohibits a party from seeking equitable relief to

enforce a tribunal decision. *Wikman, supra,* p 648, and cases cited therein.

In concluding that our case is not distinguishable from *Wikman,* we also carefully reviewed *Romulus City Treasurer v Wayne County Drain Comm'r,* 413 Mich 728; 322 NW2d 152 (1982). *Romulus* presents a case considerably different from our case. The *Romulus* plaintiffs alleged that the defendants illegally permitted the use of money collected through special assessments to pay administrative expenses of the drain commissioner. The plaintiffs argued that administrative expenses should only be paid out of general tax funds and that the collection of money to be used for such expenses under the guise of special assessments constituted constructive fraud. Apparently referring to *Wikman,* the *Romulus* Court noted that, in special assessment cases, the tribunal is competent to ascertain whether the assessments are levied according to benefits received. *Romulus, supra,* pp 737-738. However, questions concerning how the funds collected may be expended do not appear to be implicated in disputes related to assessments, valuations, rates, allocation, and equalization. *Romulus, supra,* p 738. These questions are thus not within the Tax Tribunal's exclusive jurisdiction.

Our plaintiffs may argue that they have alleged a cause close to that in *Romulus.* Plaintiffs did use the word "fraud" in the De Saele complaint. The complaint alleged that defendant

"self initiated a rezoning from R-IC (single family residential) to O.C.S. (office commercial highrise) for the sole purpose of justifying the creation of the Special Assessment District and that such conduct amounted to active fraud on the plaintiff, * * *." (Emphasis added.)

The answer to plaintiffs is presented in the concurring opinion by Justice LEVIN:

"Nor do we wish to be understood as saying that plaintiffs can avoid statutory procedures by merely characterizing the defendants' conduct as illegal, fraudulent or constructively fraudulent." (Footnote omitted.) *Romulus, supra,* p 767.

Our plaintiffs do not allege fraud in connection with the issue of whether they were specially benefited by the modifications of Schoenherr Road. They allege fraud in the zoning of the disputed area. That is an issue properly presented to the local zoning commission if plaintiffs indeed wish to pursue it.

We conclude that the circuit court lacked subject matter jurisdiction over the actions consolidated in this appeal. Accordingly, the circuit court's grant of accelerated judgment was proper, albeit for the wrong reason. The court granted defendant's motion pursuant to GCR 1963, 116.1(5), whereas accelerated judgment properly should have been granted under GCR 1963, 116.1(2). Where the court achieves the correct result but assigns the wrong reason therefor, this Court will not disturb that result on appeal. *Durbin v K-K-M Corp,* 54 Mich App 38, 46; 220 NW2d 110 (1974), *lv den* 394 Mich 789 (1975).

To conclude, we again affirm the result reached by the trial court, without prejudice to plaintiffs' right to petition the Tax Tribunal for relief within 30 days of the date of release of this opinion.

Such petition, of course, is subject to all defenses which defendant can fairly raise, including those raised in the circuit court. We direct the Tax Tribunal to waive any prior expiration of the 30-day filing rule found in MCL 205.735(3); MSA 7.650(35)(3). GCR 1963, 820.1(7).

Affirmed.